**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1216-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IVAN LOPEZ,

     Defendant-Appellant.

_____

Submitted January 15, 2019 – Decided January 28, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 13-08-1472.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Defendant Ivan Lopez appeals from a June 16, 2017 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

Defendant was arrested for armed robbery after he entered an auto-repair shop and, while brandishing a knife, demanded money from the owner. After the robbery, defendant and his brother, Julio C. Lopez, fled the scene.

Defendant was indicted and charged with one count of first-degree armed robbery, N.J.S.A. 2C:15-1; two counts of third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d); one count of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3. Defendant's brother was also indicted and charged with one count of first-degree armed robbery.

Pursuant to a negotiated plea agreement, defendant pled guilty to one count of first-degree armed robbery. In exchange for his guilty plea, the State agreed to dismiss the remaining counts in the indictment, but reserved the right to request that defendant be sentenced to an extended term in accordance with N.J.S.A. 2C:43-7.1. The State also agreed to sentence defendant's brother to a custodial term of three years without any parole disqualifier on the first-degree armed robbery charge.

A-1216-17T4

Before accepting the plea, the court determined that it was entered knowingly, voluntarily and intelligently, and with a sufficient factual basis. Shortly after the plea hearing, the State filed an application for an extended term. The court concluded that defendant's prior record warranted an extended term and sentenced him to life imprisonment without the possibility of parole. Defendant filed an appeal challenging the sentence, and we affirmed. State v. Ivan Lopez, No. A-3476-13 (App. Div. Oct. 27, 2014).

Defendant filed a pro se PCR petition which he later amended. After counsel was appointed, defendant submitted a certification in further support of his petition and assigned counsel filed a supporting brief.

Defendant alleged that his trial attorney failed to investigate the victim's criminal history and pursue his claim of self-defense. Defendant also claimed his trial attorney incorrectly advised him that if he pled guilty, he would receive a more favorable sentence than life imprisonment. Finally, defendant claimed that he entered his guilty plea as a result of counsel's ineffectiveness, and it was neither knowing nor voluntary.

On July 22, 2016, after hearing oral arguments, the first PCR judge, who also presided over defendant's plea and sentencing hearings, granted defendant's request for an evidentiary hearing. Judge Vincent N. Falcetano, Jr., the second

3 A-1216-17T4

PCR judge, conducted the evidentiary hearing where defendant and his trial counsel testified.

On June 16, 2017, Judge Falcetano rendered a written opinion and order and concluded that defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987).[1] Judge Falcetano also determined that defendant failed to satisfy the four factors detailed in State v. Slater, 198 N.J. 145, 157-58 (2009), to warrant a withdrawal of his guilty plea.[2]

---

[1] To establish a prima facie case of ineffective assistance of counsel, a defendant must prove:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> [Strickland, 466 U.S. at 687]

[2] The four Slater factors are: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Ibid. "Trial courts should consider and balance all of the factors discussed above in assessing a motion for withdrawal of a plea. No factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." Id. at 162.

A-1216-17T4

With respect to prong one of defendant's ineffective assistance claim, Judge Falcetano determined that based upon trial counsel's conversations with defendant and a review of video footage showing that defendant was the aggressor in the robbery, trial counsel made the "well-reasoned" strategic choice that asserting a claim of self-defense would not benefit defendant. The court similarly concluded that trial counsel's failure to investigate the victim's criminal background was a reasonable strategic decision as that background involved illegal activity involving defendant. Further, the court noted that even if such evidence legitimately impeached the victim's credibility, a second victim witnessed the robbery and was available to testify against defendant. After considering all of the evidence, Judge Falcetano concluded that "defendant's claim of self-defense [was] not credible."

Judge Falcetano also reviewed the transcript of the plea hearing and concluded that "defendant was well aware of the penal consequences of his plea." In addition, the court noted that rather than sitting "idly by as her client was sentenced to life in prison," trial counsel challenged the State's application for a mandatory extended term based on the ground that defendant's out-of-state convictions were not "substantially equivalent" crimes under N.J.S.A 2C:43-7.1.

5

As to prong two, Judge Falcetano determined that based on the testimony at the evidentiary hearing, defendant "made a knowing, voluntary, and intelligent decision to plead guilty in exchange for the State's offer of [a] three[-]year[] flat [sentence] with no parole disqualifier for his brother." The court described defendant's and his brother's pleas as "package deal[s]" and concluded that defendant failed to establish that he would have rejected the plea and gone to trial but for trial counsel's alleged errors.

With respect to defendant's request to withdraw his guilty plea, Judge Falcetano determined that defendant failed to satisfy any of the Slater factors. The court characterized defendant's claim that he was acting in self-defense, as "unsubstantiated, self-serving" and not credible. Next, the court concluded that defendant failed to demonstrate "fair and just reasons" for the withdrawal, Slater, 198 N.J. at 159, as there was "no credible evidence . . . that [trial counsel] was derelict in her duties or that she coerced defendant into accepting the plea." The court explained that defendant's plea was voluntary and with full knowledge of the sentencing implications. Finally, Judge Falcetano concluded that the State would be prejudiced if defendant was permitted to withdraw his plea as his brother, who received a reduced sentence based on defendant's plea agreement, completed his sentence and could not be resentenced.

A-1216-17T4

On appeal, defendant raises the following point:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED WHEN IT FAILED TO CONCLUDE THAT TRIAL COUNSEL'S FAILURE TO INVESTIGATE DEFENDANT'S CLAIM OF SELF[-]DEFENSE DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

We find no merit to the contentions raised by defendant and affirm for the reasons stated by Judge Falcetano in his thirty-five page written decision of June 16, 2017. We agree with Judge Falcetano that the defendant failed to establish either prong of the Strickland test and similarly failed to carry his burden under Slater to withdraw his guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1216-17T4